IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Gettys Bryant Millwood, on behalf of himself and all others similarly situated, ) ) ) | C/A No. 7:19-cv-01445-DCC |
| Plaintiff, ) ) ) ) | |
| v. ) ) | **OPINION AND ORDER** |
| State Farm Life Insurance Company, ) ) | |
| Defendant. ) _____ ) | |

This matter is before the Court on Plaintiff Gettys Bryant Millwood's Motion for Class Certification.[1] ECF No. 154. Defendant State Farm Life Insurance Company ("State Farm") filed a Response in Opposition, and Plaintiff filed a Reply. ECF Nos. 166, 198. For the reasons set forth below, the Court grants Plaintiff's Motion for Class Certification.

## **BACKGROUND**

In 1988, Plaintiff purchased policy form 86040 (the "Policy"), a flexible premium adjustable whole life insurance policy, from State Farm. ECF No. 157 at 1–2. The Policy was a universal life insurance policy, a type of "permanent" life insurance that, unlike standard term insurance, is designed to provide lifetime death benefit protection. *See id.*

---

[1] After Plaintiff filed his Motion for Class Certification, the parties filed a Consent Motion to Sever and Transfer Plaintiff John Baker McClanahan's claims to the Western District of Tennessee. ECF No. 160. The Court granted the Motion and terminated McClanahan as a plaintiff in this action on February 18, 2022. ECF No. 161. Thus, the only remaining class representative in this case is Gettys Bryant Millwood.

at 2. Plaintiff paid premiums that were deposited into an investment feature or savings component, called the "Cash Value," which accumulated interest over time. *Id.* Each month, State Farm was permitted to make a deduction from the Policy that included "(1) the cost of insurance, (2) the monthly charges for any riders, and (3) the monthly expense charge." ECF No. 1-1 at 12. The Policy remained in force so long as there was sufficient money in the Cash Value to cover these monthly deductions. *See id.*

The cost of insurance ("COI") charge was calculated using a monthly cost of insurance rate. *Id.* at 13. The Policy provides that COI rates "for each policy year are based on the Insured's age on the policy anniversary, sex, and applicable rate class," and "can be adjusted for projected changes in mortality." *Id.* These factors are commonly used to determine mortality expectations for an insured or group of insureds. However, Plaintiff contends that State Farm did not base its COI rates solely on the "projected changes in mortality" but instead used other, unauthorized factors, unrelated to mortality expectations, in determining the Policy's COI rates, and that State Farm thereby deducted COI charges from Cash Values in amounts exceeding those authorized by the Policy. ECF No. 157 at 2.

Plaintiff alleges claims for breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, and for a declaratory judgment. ECF No. 1 at 18–21. The class Plaintiff seeks to certify consists of "[a]ll persons who own or owned a universal life insurance policy issued by State Farm Life Insurance Company on Form-

86040 in the State of South Carolina at any time between January 1, 1993, and December 31, 2020, inclusive."[2]  ECF No. 157 at 9.

## APPLICABLE LAW

In order for a class to be certified, Federal Rule of Civil Procedure 23(a) requires a district court to make the following determinations:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  "A party seeking class certification must affirmatively demonstrate his compliance with the Rule, and must do so with evidentiary proof."  *In re Zetia (Ezetimibe) Antitrust Litig.*, 7 F.4th 227, 234 (4th Cir. 2021) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) and *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (internal quotation marks omitted)).

In addition to satisfying the requirements outlined in Rule 23(a), "the class action must fall within one of the three categories enumerated in Rule 23(b)[.]"  *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 423 (4th Cir. 2003).  The categories are as follows: "(1) individual actions would risk inconsistent adjudications with respect to individual class

---

[2] Excluded from the class are: State Farm, its officers and directors, members of their immediate families, and their heirs, successors, or assigns, as well as all persons who were on permanent disability for the entire period from January 1, 1993, through December 31, 2020, inclusive (collectively, the "Excluded Persons").  ECF No. 157 at 9, 9 n.15.

members or adjudications dispositive of the interests of non-parties; (2) class-wide injunctive [or] declaratory relief is sought and appropriate; or (3) questions of fact or law common to the class predominate over any questions affecting individual members." *Martin v. JTH Tax, Inc.*, C.A. No. 9:10-cv-03016-DCN, 2013 WL 442425, at *4 (D.S.C. Feb. 5, 2013) (citing Fed. R. Civ. P. 23(b)). "In a class action brought under Rule 23(b)(3), the 'commonality' requirement of Rule 23(a)(2) is 'subsumed under, or superseded by, the more stringent Rule 23(b)(3) requirement that questions common to the class predominate over' other questions." *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 n.4 (4th Cir. 2001) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 609 (1997)). "[I]t is the plaintiff who bears the burden of showing that the class *does comply* with Rule 23." *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 321 (4th Cir. 2006) (emphasis in original).

In addition, the United States Court of Appeals for the Fourth Circuit has "repeatedly recognized that Rule 23 contains an implicit threshold requirement that the members of a proposed class be 'readily identifiable.'" *EQT Prod. Co. v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014) (quoting *Hammond v. Powell*, 462 F.2d 1053, 1055 (4th Cir. 1972)); *see also Roman v. ESB, Inc.*, 550 F.2d 1343, 1348 (4th Cir. 1976) ("Although not specifically mentioned in the rule, the definition of the class is an essential prerequisite to maintaining a class action.").

"In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) (quoting *Miller v. Mackey Int'l*, 452 F.2d 424, 427 (5th Cir. 1971)).

"Questions regarding the certification of a class action are left to the sound discretion of the district court and any such decision by the district court will only be reversed upon a showing of abuse of that discretion." *Stott v. Haworth*, 916 F.2d 134, 139 (4th Cir. 1990) (citing *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986)).

## DISCUSSION

### I. Rule 23(a)(1): Numerosity

Rule 23(a)(1) requires that a class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 26(a)(1). The United States Court of Appeals for the Fourth Circuit has held that "[n]o specified number is needed to maintain a class action," and "application of the rule is to be considered in light of the particular circumstances of the case." *Brady v. Thurston Motor Lines*, 726 F.2d 136, 145 (4th Cir. 1984) (quoting *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) (internal quotation marks omitted)). Plaintiff alleges that the class consists of hundreds or thousands of consumers of life insurance. *See* ECF No. 1 at 16. State Farm does not argue that class certification should be denied based on Plaintiff's failure to meet the numerosity requirement. Upon review, the Court agrees that the proposed class members are sufficiently numerous. *See* William B. Rubenstein, 1 *Newberg & Rubenstein on Class Actions*, § 3:11 (6th ed. 2022) ("No specific number alone is determinative of whether numerosity is present, but joinder is generally deemed practicable in classes with fewer than 20 members and impracticable in classes with more than 40 members.").

## II.  Rule 23(a)(2): Commonality & Rule 23(b)(3): Predominance

### A.  Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).  "A common question is one that can be resolved for each class member in a single hearing . . . ."  *Thorn*, 445 F.3d at 319.  "Generally, courts give this commonality requirement a permissive application since the threshold for commonality is 'not high' and 'only requires that some questions of law or fact be shared by the putative class members, and not all questions raised be common.'"  *DeGidio v. Crazy Horse Saloon & Rest., Inc.*, C.A. No. 4:13-cv-02136-BHH, 2017 WL 5624310, at *11 (D.S.C. Jan. 26, 2017) (citing *Paulino v. Dollar Gen. Corp.*, 2014 WL 1875266, at *4 (N.D. W. Va. Feb. 24, 2014) and quoting *Brown v. Nucor Corp.*, 576 F.3d 149, 153 (4th Cir. 2009) and *Kohl v. Ass'n of Trial Laws. of Am.*, 183 F.R.D. 475, 484 (D. Md. 1998)).

Plaintiff's claims in this action—for breach of contract, for breach of the implied covenant of good faith and fair dealing, for conversion, and for a declaratory judgment—all turn on the interpretation of the Policy, which is a standard form contract to which each putative class member was a party, and specifically, the interpretation of State Farm's uniform determination of COI rates.  State Farm nonetheless suggests that the questions Plaintiff alleges are common among all class members "rest on a theory of breach with no grounding in the text of the contract or policy" and that this Court "cannot certify a class because there is no common evidence supporting classwide relief."  ECF No. 176 at 15.  Specifically, State Farm claims that it was not required to adjust the COI rates in the first place.  *Id.* at 16.  In addition, State Farm contends Plaintiff's theory that any rate adjustment must be to the full extent of any change in mortality raises myriad

6

individualized issues as to what mortality adjustments allegedly should have been made across a host of insureds and cohorts, and thus, cannot be resolved in a class action. *Id.* at 17.

Having considered the applicable law and the arguments and submissions of the parties, the Court finds Plaintiff has satisfied the commonality requirement because each claim is based on a form contract and a uniform course of conduct towards each policyholder by State Farm. All of Plaintiff's claims turn on the interpretation of the form Policy, the terms of which could not be negotiated. Thus, the Court agrees with Plaintiff that the following questions are common to each putative class member:

> 1. Whether State Farm is permitted by the Policy to use factors other than those disclosed in the Policy to determine the COI rates;
>
> 2. Whether State Farm used, added, or included factors not specified in the Policy when determining the COI rates used to calculate the COI charges or deductions;
>
> 3. Whether State Farm added or included factors unrelated to its mortality expectations in setting and determining rates that the Policy provides are "based on" specified mortality factors and no other disclosed factors;
>
> 4. Whether State Farm's expectations as to future mortality experience have improved;
>
> 5. Whether State Farm was required to further decrease the COI rates it imposed on Plaintiff and members of the class in light of improved mortality;
>
> 6. Whether State Farm breached the terms of the Policy and/or abused its discretion under the Policy;
>
> 7. Whether Plaintiff and members of the class sustained damages as a result of State Farm's breaches of the Policy;

7

> 8. Whether Plaintiff and members of the class are entitled to damages, restitution, and/or other relief as a remedy for State Farm's breaches of the Policy; and
>
> 9. Whether Plaintiff and members of the class are entitled to declaratory relief stating the proper construction and/or interpretation of the Policy.

*See* ECF No. 157 at 17–18.  The answers to each of these questions will be the same regardless of the policyholder, as Plaintiff has made a sufficient showing that State Farm's conduct in basing COI rates on unauthorized factors was consistent as to each member of the class.  Accordingly, the Court finds the commonality requirement has been met.

### B. Predominance

Similarly, the predominance requirement of Rule 23(b)(3) has also been satisfied. Plaintiff alleges that Rule 23(b) is satisfied by subsection (3) of that Rule regarding predominance.  ECF No. 157 at 21–23.  Rule 23(b)(3) permits class actions if

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b)(3).  As explained above, in a class action brought under Rule 23(b)(3), such as this one, "the 'commonality' requirement of Rule 23(a)(2) is 'subsumed under, or superseded by, the more stringent Rule 23(b)(3) requirement that questions common to the class predominate' over other questions.  *Lienhart*, 255 F.3d at 146 n.4 (quoting *Amchem*, 521 U.S. at 609).  "The predominance inquiry 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'"  *Id.* at 147 (quoting *Amchem*, 521 U.S. at 623).

8

1.  **Individual Determinations**

State Farm contends that individual issues predominate in this case because how each policyholder interpreted the Policy will require individual inquiries, and thus, Plaintiff's theories are not supported by common proof.  ECF No. 176 at 18–20.  However, courts across the country have rejected State Farm's attempts to prevent class certification by arguing extrinsic evidence related to each class member would need to be litigated.  *See, e.g.*, *Bally v. State Farm Life Ins. Co.*, 335 F.R.D. 288, 302 (N.D. Cal. 2020) (rejecting State Farm's argument that the parties will need to litigate individualized issues); *McClure v. State Farm Life Ins. Co.*, 341 F.R.D. 242, 253 (D. Ariz. 2022) (same); *Whitman v. State Farm Life Ins. Co.*, 2021 WL 4264271, at *6 (W.D. Wash. Sept. 20, 2021) (rejecting State Farm's contention that it will be entitled to present individualized evidence pertaining to each of the putative class member's Policy purchase); *see also Page v. State Farm Life Ins. Co.*, --- F.Supp.3d ---, 2022 WL 406415, at *13 (W.D. Tex. Feb. 10, 2022) (finding "the subjective understanding of individual class members does not bear on the construction of the Policy or the predominance inquiry for purposes of class certification").  Indeed, the terms of the Policy are the same for all class members, and all of Plaintiff's claims require the same proof for each policyholder.  Thus, regardless of the interpretation of the Policy the Court ultimately adopts, common evidence and answers will dictate the result in this case, guided by standard principles of contract interpretation.

## 2. Damages Model

State Farm next argues that Plaintiff's expert's model to assess damages uses improper class-wide averages that obscure the individual class members' disparate mortality expectations and circumstances.[3]  ECF No. 176 at 23.  Specifically, State Farm claims the averaging technique has the effect of overcompensating some policyholders while undercompensating others.  *Id.* at 25.  In contrast, Plaintiff contends that State Farm, not his expert, produced averaged or aggregated mortality data, which his expert then used to calculate the COI reduction that should have been applied to each class member.  ECF No. 198 at 10.

Upon review, the Court finds that Plaintiff's proposed damages model satisfies the predominance requirement.  Indeed, Plaintiff's damages model can identify the amount each putative class member was allegedly overcharged by using State Farm's mortality data to calculate the COI reduction that should have been applied to each class member if the rates had been based solely on the proper mortality factors.  Comparing the new COI charge rates to what putative class members were actually charged will result in a calculation of damages for each class member.  Thus, the model is susceptible of measurement across the entire class because the substitute COI charge rates calculated

---

[3] State Farm also argues that the impermissible averaging in Plaintiff's expert's model obscures a large number of uninjured class members, who do not have standing to participate in this litigation.  ECF No. 176 at 29.  Plaintiff contends State Farm improperly deducted inflated COI rates from every class member's Cash Values, and thus, each was injured and has standing to sue.  ECF No. 198 at 12.  The Court finds that this issue does not warrant denial of class certification.  If, as State Farm argues, any class members are found not to have been injured by State Farm's conduct, they can be identified and excluded from any damages award.

by Plaintiff's expert can be applied on a class-wide basis to calculate damages for each individual policyholder in the class.

### 3. Statute of Limitations Defense

State Farm also asserts that individualized inquiries relating to the statute of limitations will predominate and preclude class certification. ECF No. 176 at 28. Specifically, State Farm contends that, pursuant to the discovery rule, the Court will be faced with evaluating when each class member became aware of State Farm's allegedly improper deductions, and thus, when their individual three-year limitations periods began to run. *Id.* at 28–29. State Farm explains that it sent reduction notices to policyholders in 2002 and 2008, which indicated that mortality expectations were improving, and COI rates could be reduced. *Id.* at 29.

The Court notes that State Farm's arguments regarding its statute of limitations defense have repeatedly been rejected by other courts faced with the decision of whether to certify a class of policyowners who purchased universal life insurance policies from State Farm. *See, e.g.*, *Vogt v. State Farm Life Ins. Co.*, 963 F.3d 753, 765 (8th Cir. 2020) (affirming the district court's grant of summary judgment in favor of Plaintiff on State Farm's statute of limitations defense); *Bally v. State Farm Life Ins. Co.*, 536 F.Supp.3d 495, 516 (N.D. Cal. 2021) (granting Plaintiff's motion for summary judgment as to State Farm's statute of limitations defense); *Jaunich v. State Farm Life Ins. Co.*, 569 F.Supp.3d 912, 918 (D. Minn. 2021) (denying State Farm's motion for summary judgment under the statute of limitations). State Farm's statute of limitations argument has likewise been rejected at the class certification stage. *See, e.g.*, *Vogt v. State Farm Life Ins. Co.*, 2018

11

WL 1955425, at *6 (W.D. Mo. Apr. 24, 2018) (rejecting State Farm's argument that individual statute of limitations issues predominate so as to make class certification inappropriate); *Bally*, 335 F.R.D. at 304 (same); *Whitman*, 2021 WL 4264271, at *8–9 (holding State Farm failed to present any evidence that individual statute of limitations issues would predominate); *Page*, 2022 WL 406415, at *15 (same).[4]

Upon review, the Court finds State Farm's concerns about the discovery rule leading to individualized inquiries on when each class member discovered the conduct are unfounded. Nothing in the record before the Court indicates that the policyholders would have been, or should have been, on notice of the alleged breach. Indeed, other courts have held that annual notices sent to policyholders did not put them on notice that the COI rates were calculated using other, unlisted factors. *See Bally v. State Farm Life Ins. Co.*, 2019 WL 3891149, at *4 (N.D. Cal. Aug. 19, 2019) ("Here, there is no basis to conclude that the annual notices put Bally—or any policyholder—on notice that the COI was calculated 'based on' unlisted factors. Nor does State Farm offer any reason to conclude that a policyholder would have been on notice that State Farm was considering unlisted variables in calculate[ing] the COI."). Regardless, State Farm's concerns do not negate predominance or provide a basis for denying Plaintiff's request for class certification. For all of these reasons, the Court finds that Plaintiff has satisfied the predominance requirement of Rule 23(b)(3).

---

[4] While the cases cited in this section involved State Farm's policy form 94030, rather than the policy form 86040 at issue here, the Court notes that the relevant policy provisions regarding cost of insurance rates and their calculation in both policy forms are the same.

### III.  Rule 23(a)(3): Typicality

"Typicality requires that the claims of the named class representatives be typical of those of the class; 'a class representative must be part of the class and possess the same interest and suffer the same injury as the class members.'" *Lienhart*, 255 F.3d at 146 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982)).  "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class." *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 340 (4th Cir. 1998) (quoting *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998)).  "Typicality does not require the plaintiff's claims to be perfectly identical to the claims of class members; however, 'when the variation in claim strikes at the heart of the respective causes of action,' the Fourth Circuit has readily denied class certification." *Melton ex rel. Dutton v. Carolina Power & Light Co.*, 283 F.R.D. 280, 287 (D.S.C. 2012) (quoting *Deiter v. Microsoft Corp.*, 436 F.3d 461, 467 (4th Cir. 2006)).  "The typicality requirement is met if a plaintiff's 'claim arises from the same event or course of conduct that gives rise to the claims of other class members and is based on the same legal theory.'" *Parker v. Asbestos Processing, LLC*, C.A. No. 0:11-cv-01800-JFA, 2015 WL 127930, at *7 (D.S.C. Jan. 8, 2015) (quoting *Comer v. Life Ins. Co. of Ala.*, 2010 WL 233857, at *4 (D.S.C. Jan. 14, 2010)).

Here, Plaintiff argues that typicality is satisfied because "[a]ll putative class members were subject to identical policy language, State Farm performed (and breached) the Policy in the same way for each class member, and each putative class member was injured in the same way by that conduct."  ECF No. 157 at 19.  In contrast, State Farm

13

contests typicality because Plaintiff received all three rate reductions; thus, the lawsuit will not resolve the question of whether State Farm is liable to policyholders who did not see a rate reduction in those three years. ECF No. 176 at 33.

Upon review, the Court finds that Plaintiff has satisfied the typicality requirement because his claims arise from the same course of conduct that gives rise to the claims of the other class members and are based on the same legal theories. Specifically, the claims all arise from and relate to the interpretation and application of the Policy, and both the contractual language and State Farm's methodology for determining the COI rates were uniform for all class members. Therefore, the Court finds the typicality requirement has been met.

## IV. Rule 23(a)(4): Adequacy of Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem*, 521 U.S. at 625. "The principal factor in determining the adequacy of class representatives is whether the plaintiffs have the ability and commitment to prosecute the action vigorously." *S.C. Nat'l Bank v. Stone*, 139 F.R.D. 325, 329 (D.S.C. 1991) (citing *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718 (11th Cir. 1987), *cert. denied*, 485 U.S. 959 (1988)). "This inquiry involves two issues: (i) 'whether plaintiffs have any interest antagonistic to the rest of the class;' and (ii) whether plaintiffs' counsel are 'qualified, experienced and generally able to conduct the proposed litigation.'" *Id.* at 330 (quoting *Kirkpatrick*, 827 F.2d at 726). "The adequacy of plaintiffs' counsel, like

that of the individual plaintiffs, is presumed in the absence of specific proof to the contrary." *Id.* at 330–31 (citing *Falcon v. Gen. Tel. Co.*, 626 F.2d 369, 376 n.8 (5th Cir. 1980), *vacated on other grounds*, 450 U.S. 1036 (1981)). "[C]ourts generally hold that the employment of competent counsel assures vigorous prosecution." *Id.* at 331.

Here, Plaintiff argues that adequacy is satisfied because his claims are consistent with those of the class; he is committed to prosecuting this litigation on behalf of the class; and he has hired competent, experienced, and qualified counsel with expertise in class actions and cost of insurance cases, who have and will continue to prosecute the class claims vigorously. ECF No. 157 at 20. On the other hand, State Farm contends Plaintiff is not an adequate class representative because he does not agree with his counsel that State Farm violated the provision of the Policy stating that the COI rates can be adjusted for projected changes in mortality. ECF No. 176 at 33. State Farm explains that, when questioned during a deposition regarding the meaning of the provision, Plaintiff agreed that the Policy did not require State Farm to adjust the COI rates. *Id.*

Upon review, the Court finds that Plaintiff has satisfied the adequacy requirement in this case. As discussed above, the Policy terms and methodology used to determine the COI rates that were charged were the same for every class member; thus, Plaintiff's interests are substantively identical to those of the other class members. In addition, Plaintiff's attorneys in this litigation have extensive experience prosecuting class actions and cost of insurance cases and will vigorously represent Plaintiff and the class members in this action. Indeed, State Farm does not dispute that Plaintiff's counsel is qualified to

represent the class in this action. Accordingly, the Court is satisfied that Plaintiff and his class counsel will fairly and adequately protect the interests of the class.

## V. Rule 23(b)(3): Superiority of Class Action

"In addition to the predominance requirement, Rule 23(b)(3) requires that the Court find that 'a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Robert Elliott Trucking, Inc. v. Caterpillar, Inc.*, C.A. No. 9:11-cv-00753-RMG, 2012 WL 2918700, at *9 (D.S.C. Mar. 21, 2012) (quoting Fed. R. Civ. P. 23(b)(3)). In determining whether superiority is met, the district court should consider:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3); *see Soutter v. Equifax Info. Servs., LLC*, 307 F.R.D. 183, 217–18 (E.D. Va. 2015).

The Court finds that Plaintiff has satisfied the superiority requirement in this case. Notably, State Farm does not argue that class certification should be denied based on Plaintiff's failure to meet the superiority requirement of Rule 23(b)(3), nor does the company suggest that the management of this case as a class action would present any significant or unusual difficulties. In addition, there is no evidence before the Court that there is any other case pending against State Farm regarding policy form 86040 on behalf

16

of South Carolina policyholders and concerning the claims at issue here. Because Plaintiff and the class members are policyholders in the State of South Carolina, it is reasonable for the litigation of these claims to be concentrated in this forum. Moreover, this case involves interpretation of a form contract, the interpretation of which will apply to all class members, making class action an efficient form of adjudication. There is nothing to indicate that individual class members have any significant interest in litigating their claims separately. Indeed, the costs of prosecuting each class member's claims individually would likely exceed each member's damages. Because the recoveries of each individual class member will be relatively small, a class action is superior to other methods of adjudication. Therefore, the Court finds that the superiority requirement has been met. Accordingly, Plaintiff's Motion for Certification is granted pursuant to Rule 23(b)(3).

## VI.  Rule 23(b)(2): Declaratory Relief

Plaintiff also argues that class certification, with respect to his claim for a declaratory judgment, is proper under Rule 23(b)(2). ECF No. 157 at 31. A putative class satisfies Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The United States Court of Appeals for the Fourth Circuit has held that "Rule 23(b)(2) does not 'cover cases where the primary claim is for damages, but is only applicable where the relief sought is . . . predominantly injunctive or declaratory.'" *Thorn*, 445 F.3d at 329 (quoting *Lukenas v. Bryce's Mountain Resort, Inc.*, 538 F.2d 594, 595 (4th Cir.

1976)); *see also Dukes*, 564 U.S. at 360 ("The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.  In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." (internal citations and quotation marks omitted)).

As discussed previously, the Court finds that the terms of the Policy are the same for each prospective class member.  Consequently, the interpretation will result in one declaratory judgment applicable to all class members.  Because Plaintiff does not seek to certify any claim for monetary relief under Rule 23(b)(2), the prohibition against class certification under Rule 23(b)(2) for damages claims is inapplicable here.  Accordingly, the Court grants Plaintiff's Motion for Class Certification under Rule 23(b)(2) only as to his declaratory judgment claim.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Class Certification [154] is **GRANTED**.  Pursuant to Rule 23(b)(3), the Court certifies a class of plaintiffs consisting of "[a]ll persons who own or owned a universal life insurance policy issued by State Farm Life Insurance Company on Form-86040 in the State of South Carolina at any time between January 1, 1993, and December 31, 2020, inclusive," for each of Plaintiff's claims, except that Excluded Persons are excluded from the class.  The Court certifies the same class of plaintiffs pursuant to Rule 23(b)(2) for Plaintiff's declaratory judgment claim only.

Based on a review of Plaintiff's counsel's qualifications and experience provided in the record, the Court has considered the work Plaintiff's counsel has done in identifying and investigating potential claims in this action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in this action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class. *See* Fed. R. Civ. P. 23(g)(1)(A). As discussed above, the Court finds Plaintiff's counsel will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(g)(4). Accordingly, the Court hereby appoints Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel, pursuant to Federal Rule of Civil Procedure 23(g).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 23, 2022
Spartanburg, South Carolina